IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


WILLIAM D. BURDGE,                              Civil No. 05-1042-HU

          Petitioner,                    FINDINGS AND RECOMMENDATION

      v.


BRIAN BELLEQUE,

          Respondent.



          MATTHEW M. RUBENSTEIN
          Assistant Federal Public Defender
          101 S.W. Main St., Suite 1700
          Portland, OR  97204

              Attorney for Petitioner

          HARDY MYERS
          Attorney General
          LYNN DAVID LARSEN
          Assistant Attorney General
          1162 Court Street, N.E.
          Salem, OR  97301

              Attorneys for Respondent


     1- FINDINGS AND RECOMMENDATION -

HUBEL, Magistrate Judge.

Petitioner, an inmate in custody of the Oregon Department of Corrections, brings this habeas corpus proceeding  pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, petitioner's habeas corpus petition (#2) should be denied.

<u>BACKGROUND</u>

In 1994, Petitioner was charged in three separate cases of the following crimes:  (1) Burglary in the First Degree (case no. 94-057), committed on October 12, 1993, hereafter "case one"; (2) Burglary in the First Degree (case no. 94-132), committed on January 9, 1994, hereafter "case two"; and (3) Sodomy in the First degree, Burglary in the First degree, and Sexual Abuse in the First degree (case no. 94-058), committed on January 14, 1994, hereafter "case three".

The three cases were tried separately, but not in the order that the crimes were *committed*.[1]  Petitioner was convicted in all three cases.  At a consolidated hearing, Petitioner was sentenced *in the order that the crimes were committed.*  The state moved for the entry of determinate sentences pursuant to ORS 137.635 in case two and case three.  That statute provides that when a court sentences a convicted defendant **who has previously been convicted**

---

[1]The cases were tried in the following order:  case two, then case one, then case three.

2- FINDINGS AND RECOMMENDATION -

of a designated felony, the court shall impose a determinate sentence.[2]  Petitioner was sentenced to a total of 350 months incarceration.  The court imposed determinate sentencing totaling 270 months in cases two and three, finding justification for doing so in the preceding conviction(s).

On appeal, appellate counsel filed a *Balfour* brief on behalf of Petitioner, but Petitioner failed to supplement the brief with any assignments of error.  The Oregon Court of Appeals affirmed without opinion, and Petitioner did not seek review by the Oregon Supreme Court.  *State v. Burdge*, 137 Or.App. 437, 904 P.2d 1093 (1995).

Eight months later (two years after Petitioner's conviction), the Oregon Court of Appeals issued a decision in *State v. Allison*, 143 Or.App. 241, 923 P.2d 1224, *rev. denied* 324 Or. 487 (1996), construing ORS 137.635 in a manner making it inapplicable to petitioner.  Specifically, the court held that ORS 137.635 applies only to a person who has been convicted of a designated felony *before committing* the crime for which the person is to be sentenced under the statute.  *Allison*, 143 Or.App. at 256.

---

[2]  Under a determinate sentence, the convicted defendant must serve his entire sentence and is not eligible for parole, temporary leave from custody, or a reduction in sentence. ORS 137.635(1).

3- FINDINGS AND RECOMMENDATION -

Petitioner subsequently sought state post-conviction relief (PCR), alleging that he received ineffective assistance of trial and appellate counsel, and that the trial court committed various errors during trial and sentencing.  In support of his petition, Petitioner offered the affidavit of trial counsel indicating his belief that he had rendered ineffective assistance of counsel by failing to object to the determinate sentences.  The PCR trial court denied relief.  Petitioner appealed raising all of his post-conviction grounds for relief.

The Oregon Court of Appeals, in a split decision, reversed and remanded, holding that trial counsel was ineffective for "fail[ing] to discern and advance a construction of ORS 137.635(1) that was both plausible and correct and that would have benefitted petitioner."  *Burdge v. Palmateer*, 187 Or.App. 295, 304, 67 P.3d 397 (2003).  The state appealed.  Petitioner did not file a cross-appeal.  The Oregon Supreme Court reversed, 4-2, holding that counsel was not constitutionally deficient. *Burdge v. Palmateer*, 338 Or. 490, 112 P.3d 320 (2005).  In the instant proceeding, Petitioner alleges three grounds for relief, each comprised of multiple sub-grounds.

///

///

4- FINDINGS AND RECOMMENDATION -

## DISCUSSION

### I.  Procedurally Defaulted Grounds.

Respondent contends that Petitioner procedurally defaulted all of his grounds for relief, except his claim that trial counsel was ineffective for failing to object to his determinate sentences.  Respondent argues that petitioner "appears to have dropped at least ground three (the claims against the trial court) in his appeal from the denial of PCR relief," and that "the only issued raised to the Supreme Court was the claim about counsel and ORS 137.625."

Petitioner does not argue that he properly exhausted his state remedies; does not contend that he can show cause and prejudice sufficient to excuse his procedural default; has not demonstrated that failure to consider the claims would result in a fundamental miscarriage of justice; and has not otherwise addressed the claims in his briefing to this court. Accordingly, and based upon my review of the record, I conclude that Petitioner procedurally defaulted all grounds for relief, except his claim that trial counsel was ineffective for failing to object to Petitioner's determinate sentences, by failing to raise the grounds to the Oregon Supreme Court during the course of the post-conviction proceeding.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 46 (1999) (petitioner must file petition for

5- FINDINGS AND RECOMMENDATION -

discretionary review in state supreme court where such a petition is a normal, simple and established part of the State's appellate review process); *see also* 28 U.S.C. § 2248 (answer to habeas petition, if not traversed, shall be accepted as true except to the extent court finds from the evidence that they are not true).

## II.  **Ineffective Assistance of Counsel - Determinate Sentences**.

### A.  Standards

A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

A state court decision is an "unreasonable application" of clearly established Supreme Court law when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case."  *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004), *cert. denied* 126 S.Ct. 484 (2005).  "[I]t is the habeas applicant's burden to show that the state court applied [the law]

to the facts of his case in an objectively unreasonable manner."
*Woodford v. Visciotti*, 537 U.S. 19, 24,25 (2002), rehearing
denied, 537 U.S. 1149 (2003).

An unreasonable determination of the facts occurs when the
state court makes evidentiary findings without giving petitioner
an opportunity to present evidence, misstates the record, ignores
the record, or misapprehends the evidence presented. *Taylor v.
Maddox*, 366 F. 3d 992, 1001 (9th Cir. 2004). If upon review of
the evidence on which the state court based its determination the
federal court does not find the determination unreasonable, the
state court findings are presumed to be correct. A petitioner
can rebut this presumption only by presenting clear and
convincing evidence that the state court findings of fact are in
error. *Miller-El v. Cockrell*, 537 U.S. 322, 341-42 (2003).

B.    Analysis

Petitioner alleges that his trial counsel provided
ineffective assistance at sentencing by (1) failing to recognize
the ambiguity in the "previously been convicted" language of ORS
137.635, construed two years later in *State v. Allison*; and
(2) failing to object to its application to Petitioner's
sentences. Petitioner argues that counsel could have easily
located legal authority in other jurisdictions and secondary
sources which would have supported a construction of ORS 137.635

7- FINDINGS AND RECOMMENDATION -

rendering it inapplicable to Petitioner. Petitioner contends that the Oregon Supreme Court's holding to the contrary is an unreasonable application of clearly established law, and based upon an unreasonable determination of the facts in light of the evidence before the court.

A federal claim of ineffective assistance of counsel requires petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1987). "Not every error that conceivably could have influenced the outcome undermines the reliability of the results of the proceeding" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 690, 693; *see also Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995) ("[U]nder the rule of contemporary assessment, an attorney's actions must be examined according to what was known and reasonable at the time the attorney made his choices."); *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) ("The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in

8- FINDINGS AND RECOMMENDATION -

light of all the circumstances, and the standard of review is highly deferential.").

Both the performance and the prejudice components of an ineffectiveness claim are mixed questions of law and fact. *Strickland*, 466 U.S. at 698. In reviewing a state court conclusion on a mixed issue, a federal court must "first separate the legal conclusions from the factual determinations that underlie it." *Lambert v. Blodgett*, 393 F.3d 943, 977-78 (9th Cir. 2004). State court fact-finding in the course of deciding an ineffectiveness claim is subject to the deference requirement of § 2254(d)(2), and § 2254(e)(1) if new evidence is presented for the first time in federal court. *Strickland*, 466 U.S. at 698; *Lambert*, 393 F.3d at 977-78. The state court's conclusion as to counsel's effectiveness, however, is a mixed question, not binding on the federal court, and subject to review under § 2254(d)(1). *Id.* When more than one state court has adjudicated a petitioner's claim, the federal court looks to the last reasoned decision. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005); *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991.)

1. Unreasonable determination of the facts (§ 2254(d)(2)).

The Oregon Supreme Court rejected petitioner's claim of ineffective assistance of counsel, stating that, at the time petitioner was sentenced, ORS 137.635 was "not so obviously

9- FINDINGS AND RECOMMENDATION -

ambiguous that any lawyer exercising reasonable professional skill and judgment necessarily would have seen it." *Burdge*, 338 Or. at 497-98. Hence, the court concluded that counsel's representation did not fall below an objective standard of reasonableness under *Strickland*.

In analyzing ORS 137.635 the Oregon Supreme Court looked at the statute "as a lawyer would have seen it at the time [of Petitioner's sentencing,]" that is, two years prior to the *Allison* decision which noted and interpreted the ambiguity in the statute. The court identified the threshold requirement: "[w]hen, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section. . . ." *Burdge*, 338 Or. at 498. The court stated,

> "At sentencing, a lawyer asking whether petitioner fell within the meaning of the statute would first note . . . that 'convicted' means 'found guilty'. The lawyer would then consider the remaining criteria. Is petitioner being sentenced for "a felony described in subsection (2) of this section? Yes, in all three cases. 'Has' petitioner 'previously been [found guilty] of' a qualifying felony? Again, yes, in *all three cases*. Petitioner was found guilty in cases two and three before being sentenced in case one; he was found guilty in cases one and three before being sentenced in case two; and he was found guilty in cases one and two before being sentenced in case three. *The statute, then, would appear to apply to every qualifying felony in all three cases*. Among the many

10- FINDINGS AND RECOMMENDATION -

statutes implicated in a  criminal sentencing, *nothing makes this statute stand out as being ambiguous*."

*Id.* (second and third emphasis added) (footnote omitted).  The court also made a technical grammatical analysis of the threshold language finding that it could be read, "[w]hen a court sentences a convicted defendant who *has been convicted* previously."  *Id.* n.5.

Based on its analysis of the statute, the Oregon Supreme Court determined that "[E]ven lawyers exercising reasonable professional skill and judgment may well not see any ambiguity to be exploited."  The court noted "our conclusion does not depend on whether *Allison* correctly identified an ambiguity or ultimately interpreted the statute correctly."  *Id.* at 498.  In other words, the Oregon Supreme Court was not construing the statute.  Rather, the court made a finding of fact as to how ORS 137.635 could be read, *prior to the Allison decision,* by a lawyer exercising reasonable professional skill and judgment.

Disagreement about the ambiguity of the statute is evident in the *Allison* decision, although the majority's interpretation of the ambiguity is now controlling.  Disagreement persists, as is evidenced in the split decision of the Oregon Court of Appeals granting Petitioner relief, and the split decision of the Oregon Supreme Court reversing the lower court.  The disagreement among

11- FINDINGS AND RECOMMENDATION -

Oregon justices as to the ambiguity of ORS 137.635 informs my determination that the Oregon Supreme Court was not objectively unreasonable in finding that "even lawyers exercising reasonable professional skill and judgment may well not see any ambiguity to be exploited."   Accordingly, this finding is accorded full deference under § 2254(d)(2).[3]

Petitioner contends that this court is not bound to defer to the Oregon Supreme Court's findings because "the Oregon Supreme Court 'overlooked or ignored evidence' that was 'highly probative and central' to [Petitioner's] claims of ineffective assistance of counsel."[4]   In considering Petitioner's assertion I must be mindful that "state courts are not required to address every jot and tittle of proof suggested to them, nor need they 'make detailed findings addressing all the evidence before [them].'" *Taylor*, 366 F.3d 992, 1001 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 346 (2003)).   Furthermore, "the evidence in question must be sufficient to support petitioner's claim when considered

---

[3]Respondent contends the issue of how counsel would have construed the statute prior to *Allison* is a state law issue and the Oregon Supreme Court's ruling is binding for that reason under *Bradshaw v. Richey*, 546 U.S. 74 (2005).

[4]Petitioner contends the court "failed to consider the evidence that [trial counsel] at sentencing failed to even calculate the length of the sentence requested by the state and failed to understand or appreciate the operation of recidivist sentencing statute as advanced by the state."  (Petr.'s Mem. 22.)

12- FINDINGS AND RECOMMENDATION -

in the context of the full record bearing on the issue presented in the habeas petition." *Taylor*, 366 F.3d at 1001.  A review of the record reveals that is not the case here.

At his PCR trial Petitioner emphasized and relied on his trial attorney's affidavit, and on the *Allison* decision finding ambiguity in ORS 137.635 as evidence of his trial counsel's failures.  However, *Allison* was decided two years after Petitioner's sentencing, and trial counsel's declaration that his representation had been inadequate for not objecting to determinate sentencing was made approximately two years after *Allison* rendered the statute inapplicable to Petitioner. Furthermore, neither counsel's affidavit, nor other evidence before the court, showed how counsel's failure to object to determinate sentencing fell below an objective standard of reasonableness under prevailing, pre-*Allison*, professional norms. In fact, in his affidavit, Petitioner's trial attorney cited Oregon case law which upheld the use of prior convictions for sentence enhancement during consolidated court proceedings.[5]

---

[5]In his affidavit, Petitioner's trial counsel cited *State v. Bucholz*, 317 Or. 309, 855 P.2d 1100 (1993) (conviction may be part of offender's criminal history for purpose of a sentence imposed at the same proceeding if it arises from a different criminal element), and *State v. Miller*, 317 Or. 297, 855 P.2d 1093 (1993) ("[T]he rule for calculating criminal history, OAR 253-04-006(2), applies equally where acts from unrelated criminal episodes are combined in one proceeding and where sentences for

13- FINDINGS AND RECOMMENDATION -

Moreover, Respondent cited case law holding counsel was not inadequate for not making objection when the meaning of the statute was not clearly settled at the time of trial.[6]

Petitioner contends counsel could have easily located legal authority in other jurisdictions and secondary sources which would have supported a construction of ORS 137.635 rendering it inapplicable to Petitioner, and he emphasizes that trial counsel "failed to even calculate the length of the sentence requested by the state."  However, this is not sufficient to support petitioner's ineffectiveness claim when considered in the context of the full record and Petitioner's failure to show that at the time of his trial an Oregon attorney exercising reasonable professional skills would have seen an ambiguity in ORS 137.635 and would have exploited it.

2.  Unreasonable Application of *Strickland* (§ 2254(d)(1)).

Evaluating Petitioner's ineffectiveness claim, the Oregon Supreme Court determined the standard for professional

---

the separate, unrelated acts are separately imposed, albeit in the same session of court and on the same day, regardless of whether the proceeding arises under one indictment or under two or more.").

[6]Respondent's trial memorandum directed the PCR court to *Wells v. Peterson*, 315 Or. 233, 844 F.2d 192 (1993)(holding counsel was not inadequate for not making objection when the meaning of the statute was not clearly settled at the time of trial) (Ex. 119, p 12).

14- FINDINGS AND RECOMMENDATION -

representation at the time of Petitioner's sentencing; evaluated counsel's performance without the distorting effects of the *Allison* interpretation of ORS 137.635; looked to the PCR record for the evidence Petitioner presented in support of his claim trial counsel was deficient.  The court concluded, "Petitioner counsel did not fall below an objective standard of reasonableness under prevailing professional norms.  Thus petitioner was not deprived of his right to effective assistance of counsel under the Sixth and Fourteenth Amendments."  *Burdge*, 338 Or. at 500-01.

Under *Strickland,* "scrutiny of counsel's performance must be highly deferential" and requires that "every effort be made to eliminate the distorting effects of hindsight."  466 U.S. at 690. The court reviewing an ineffectiveness claim may deny relief if the defendant fails to prove either that counsel was deficient or that defendant was prejudiced by counsel's alleged failures.  *Id.* at 696 ("[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").  The Oregon Supreme Court adhered to these principles in adjudicating Petitioner's claim.  Accordingly the court's adjudication is not an unreasonable application of *Strickland*.

For habeas review to be granted, Petitioner was required to show the that Oregon Supreme Court adjudication of his

15- FINDINGS AND RECOMMENDATION -

ineffectiveness claim was an unreasonable application of *Strickland*, or that the decision was based on an unreasonable determination of the facts.  Petitioner satisfied neither requirement.  Thus, Petitioner's habeas petition (#2) should be denied, and the proceeding dismissed with prejudice.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due June 6, 2007.  If no objections are filed, the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due June 20, 2007, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this _22nd____ day of May, 2007.

/s/ Dennis J. Hubel

_____
Dennis J. Hubel
United States Magistrate Judge

16- FINDINGS AND RECOMMENDATION -